LOTTINGER, Judge.
This is a suit for eviction of the defendant from premises allegedly owned by petitioners. The defendant first filed an exception of no cause or right of action, followed by an answer. Judgment by the Lower Court was rendered in favor of defendant, dismissing the suit as of non-suit, petitioners have taken this appeal.
The petitioners are Mrs. Margaret E. Caillouette, her husband, Wilfred S. Cail-louette, as well as the seven heirs of Alfred D. Danziger. The petition alleges that the petitioners are the owners of a certain tract of land in the Parish of St. Tammany, Louisiana which is being occupied by defendant without any right, title or interest therein. The evidence discloses that the Caillouettes are the owners of Lot No. 17 in Block Q of West Salt Bayou Subdivision. A plat of said subdivision which has been filed into evidence discloses that the said lot of ground is bounded on its east side by North Shore Drive which runs generally north and south. On the east of North Shore Drive is a narrow strip of land which is bounded on its east by Salt Bayou. Filed into evidence is a deed showing ownership in a large tract of land by Alfred D. Danziger, now deceased.
The petitioners take the position that the bank of Salt Bayou, across North Shore Drive from said Lot 17 belongs either to the Caillouettes or the Danzigers, and for this reason both families joined into the suit as petitioners. They contend, and it is admitted by defendant, that the defendant has a camp and is occupying the property in question. The petitioners pray that the defendant be evicted from the said property according to the provisions of Title 13, Section 4911 et seq. of the LSA-Revised Statutes.
The defendant contends, and it was so held by the Lower Court, that the Dan-zigers and the Caillouettes must first de *698 termine between themselves which of them own the property in question before the eviction suit can be prosecuted. It was for this reason that the Lower Court dismissed the suit as of non-suit.
The provisions of LSA-R.S. 13 :- 4911 are to the effect that the owner of a piece of property might sue for possession thereof whenever any party is holding the said property through the accommodation of the owner. According to the reasons assigned by the Lower Court, a petitory action must be brought to determine ownership of the property prior to the institution of this present suit to evict the defendant. From the reasons so assigned, it appears that the Lower Court was of the opinion that the present proceeding was a cumulation of a petitory action with a suit in eviction. Such is not the case as the petition does not request that title to the property be determined, the only purpose of the petition filed in this matter was to evict a trespasser from the premises.
 There is some question as to exactly who does own the tract in question by virtue of the provisions of Article 455 of the LSA-Civil Code relative to the ownership of banks of a navigable stream. Llowever, from the evidence submitted, there appears to be no question but that the owner of the tract comprising the bank of the stream is among the petitioners herein. No exception either of misjoinder of parties nor of improper cumulation of actions have been filed herein. Either of these exceptions, under the provisions of Article 333 of Louisiana Civil Code of Practice must be filed in limine litus, and failure to so file the exception constitutes a waiver thereof. As we have stated before, we find no improper cumulation of actions in the present suit, and if there is a misjoinder of parties plaintiff, the right to except thereto has been waived.
It is our opinion that the Lower Court erred in dismissing the suit. The owner of the tract in question was present among the petitioners, and we feel that the judgment should have been in favor of petitioners and against defendant condemning defendant to vacate the premises in qitestion.
For the reasons hereinabove assigned, the judgment of the Lower Court will be reversed, and there will be judgment herein in favor of petitioners and against defendant condemning defendant to vacate the premises and to deliver possession of same to petitioners, and decreeing that upon his failure to comply within twenty-four hours from the rendition hereof, a writ of possession issue herein commanding the Sheriff of the Parish of St. Tammany to eject defendant from said premises and to place petitioners in full possession thereof. All costs shall be paid by defendant.
Judgment reversed.